THE HONORABLE, THE ASSEMBLY Legislature
Assembly Resolution 37 (1973) requests my opinion whether 1971 Enrolled Joint Resolution 26 proposes two amendments to Art. VII, sec. 13, Wis. Const., which would require submission to the *Page 29 
people in a manner so that the people could vote for or against such amendments separately.
I am of the opinion that it does not and that the propositions contained therein may be submitted to the people as one amendment.
Article XII, sec. 1, Wis. Const., sets forth the procedure for amending the Constitution. It provides, among other things, "That if more than one amendment be submitted, they shall be submitted in such manner that the people may vote for or against such amendments separately."
It is within the discretion of the legislature to submit several distinct propositions to the people "as one amendment" if they relate to the same subject, are all designed to accomplish one purpose, and will not force the electors to vote for something they disapprove of in order to approve of something they favor.
The State ex rel. Hudd v. Timme (1882), 54 Wis. 318, 336,11 N.W. 785
 State ex rel. Thomson v. Zimmerman (1953), 264 Wis. 644,60 N.W.2d 416
48 OAG 188, 50 OAG 65, 54 OAG 13, 58 OAG 194.
1971 Enrolled Joint Resolution 26 provides in part:
 "Resolved by the senate, the assembly concurring, That article VII, section 13 of the constitution be amended to read:
 "(Article IV) Section 13. [Any judge of the supreme or circuit court may be removed from office by address of both houses of the legislature, if two thirds of all members elected to each house concur therein, but no removal shall be made by virtue of this section unless the judge complained of shall have been served with a copy of the charges against him, as the ground of address, and shall have had an opportunity of being heard in his defense. On the question of removal, the ayes and noes shall be entered on the journals.]*
[Justices of the supreme court and all judges are subject to suspension or removal for cause or for disability by the supreme court in accordance with]** *Page 30 
[law and with procedural rules promulgated by the court. The office of the justice or judge is vacant on entry of the order for removal]."**
It would abolish the procedure of removal of supreme and circuit court judges by address of both houses of the legislature and would create power in the supreme court to suspend or remove any justice or judge for cause or disability and provide that such office is vacant upon entry of the order for removal.
The repeal of the present address provision and the creation of the new power could be accomplished by separate amendments. Both propositions, however, relate to the same subject, the removal of justices and judges, and tend to effect and carry out one general object or purpose. While separate submission could not result in absurdity or in disastrous results to the machinery of government, I am not persuaded that single submission would force electors to vote for something they disapprove in order to approve something they favor.
RWW:RJV
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
** [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS ADDED IN THE ORIGINAL TEXT.]